IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRINITY INDUSTRIES, INC. and TRINITY INDUSTRIES RAILCAR CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 08-1709 |
| CHICAGO BRIDGE & IRON COMPANY (INC) (IL), | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                      May 9, 2009

This is an action for the recovery of costs and declaratory judgment. Plaintiffs, Trinity Industries, Inc. and Trinity Industries Railcar Corporation, own real property in Mercer County, Pennsylvania. Plaintiffs allege that defendant, Chicago Bridge & Iron Company, as a former owner of the property, is liable for the costs of removing hazardous substances from the property pursuant to the Comprehensive Environmental Response, Compensation, and Recovery Act of 1980, 42 U.S.C. § 9601 et seq., ("CERCLA"); the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B), ("RCRA"); and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Stat. Ann. § 6020.101 et seq., ("HSCA"). Plaintiffs also assert

state law claims against defendant for negligence, indemnification, and breach of contract. [Doc. No. 1].

Defendant has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) contending that plaintiffs' claims are not viable [Doc. No. 18]. For the reasons that follow, defendant's motion is denied, without prejudice.

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged.

Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiffs. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiffs can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiffs could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed defendant's motion to dismiss. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is not persuaded that dismissal is appropriate at this time.

Specifically, plaintiffs have alleged that defendant is the former owner of plaintiffs' property. Defendant allegedly contaminated the property with hazardous materials. Plaintiffs

assert that defendant is liable under CERCLA, RCRA, HSCA, or pursuant to state law. Plaintiffs' allegations, if true, may state valid claims under CERCLA, RCRA, HSC, or state law. Our ruling, however, does not prevent defendant from raising these arguments after discovery is complete, in a motion for summary judgment on a more fully developed record. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRINITY INDUSTRIES, INC. and )
TRINITY INDUSTRIES RAILCAR )
CORPORATION, )
)
    Plaintiffs, )
)
    v. ) Civil Action No. 08-1709
)
CHICAGO BRIDGE & IRON COMPANY )
(INC) (IL), )
)
    Defendant. )

ORDER

AND NOW, this 9th day of May, 2009, IT IS HEREBY ORDERED THAT defendant Chicago Bridge & Iron Company's Fed.R.Civ.P. 12(b)(6) motion to dismiss [doc. no. 18] is DENIED, without prejudice to its right to raise these issues in a motion for summary judgment brought pursuant to Fed.R.Civ.P. 56.

BY THE COURT:

_/s/ Lancaster, J._

cc: All Counsel of Record