**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | | |
|---|---|---|
| TRINITY INDUSTRIES, INC. and TRINITY INDUSTRIES RAILCAR CORPORATION | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:08-cv-01709-GLL |
| CHICAGO BRIDGE & IRON COMPANY (INC) (IL) | § § § | **ELECTRONICALLY FILED** |
| Defendants. | § § | |

## ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS

Before the Court is the Joint Motion to Stay Proceedings filed by Plaintiffs Trinity Industries, Inc. and Trinity Industries Railcar Corporation (collectively, the "Trinity Plaintiffs") and Defendant Chicago Bridge & Iron Company (INC) (IL) ("CB&I") on September 11, 2009. The Court finds the Motion is well taken, and it hereby is GRANTED.

It therefore is ORDERED as follows:

1. All deadlines set forth in the Court's Initial Scheduling Order of April 29, 2009 shall be stayed for a period of ninety (90) days from the date of this Order.

2. Within five (5) business days of the date of this Order, the Trinity Plaintiffs shall provide CB&I a copy of the Remedial Investigation Report ("RI Report") for the South Plant (with all attachments), which has been prepared by Golder Associates Inc. ("Golder") and submitted to the Pennsylvania Department of Environmental Protection ("PaDEP"). The Trinity Plaintiffs also shall provide CB&I copies of any correspondence between Golder and PaDEP relating to the RI Report to allow CB&I to follow the progress of PaDEP's approval of the RI Report and be informed of any proposed changes or requests for additional work by PaDEP.

3.  By the fiftieth (50th) day after the date of this Order, each party shall produce an operational flow chart, together with available supporting historical information and documents, identifying the nature and extent of the producing party's operations at the South Plant site. The flow chart shall include, at a minimum, information depicting the physical layout or configuration of the operations; identifying the types of manufacturing, staging, storage, disposal, or other processes corresponding to the operations; identifying any and all materials, products, chemicals and/or wastes used or generated in these processes and/or operations; and describing the disposition of any such materials, products, chemicals and/or wastes.

4.  The parties shall exercise all reasonable diligence to compile the above-referenced information, and such effort must be sufficient to satisfy discovery requirements under Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, requiring the parties to identify "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control" supporting the operational flow charts.

5.  The parties shall treat, and prepare, any information or documents disclosed pursuant to this arrangement as if disclosed in response to formal discovery requests.

6.  Within ten (10) days after each party's production of the above-referenced operational flow chart and supporting documents and information, the other party may serve a written request, in letter form, for supplemental information and documents (described with reasonable particularity), if that party believes the additional information or documents exist and are reasonably necessary to make its operational flow chart and supporting documents and information reasonably complete.

7.  If any such supplemental information and/or documents are available, such information and/or documents must be produced within twenty (20) days after receipt of the written request for same.

8.  If any disputes or disagreements arise between the parties in the course of the exchange of documents and information described herein, either party may, by written request in letter form with a copy to the other party, seek the assistance of the Court-appointed ENE Evaluator, John W. Ubinger, Jr., Esquire, in resolving the dispute or disagreement.

9.  By the ninetieth (90th) day after the date of this Order, the parties shall exchange confidential written proposals for allocation of responsibility for any and all contamination at the South Plant site that may require remediation, based on the operational flow charts, supporting information and documents exchanged between them, and the RI Report.  These confidential allocation proposals are for settlement purposes only, and will not be admissible in this action or in any other proceeding for any purpose.

10. As no further action can be taken by the Court at this time, and in the interest of judicial economy,  IT IS HEREBY ORDERED that the Clerk of Court is directed to mark this case ADMINISTRATIVELY CLOSED.   Nothing contained in this order shall be considered a dismissal or disposition of this matter, and should further proceedings in it become necessary or desirable, either party may initiate it in the same manner as if this order had not been entered.

SO ORDERED, this 14th day of September 2009.

_____, J.

The Honorable Gary L. Lancaster, U.S. District Judge

3